# In the United States Court of Federal Claims

No. 21-1647C

Filed: August 13, 2021

---

ACCELGOV, LLC,

       *Plaintiff,*

v.

THE UNITED STATES,

       *Defendant,*

and

UNITED SUPPORT SERVICES, INC.,

       *Intervenor-Defendant.*

---

## ORDER DENYING INJUNCTION

Before the Court is AccelGov, LLC's ("AccelGov") Motion for a Temporary Restraining Order and Preliminary Injunction. (Mot. for TRO, ECF No. 29). AccelGov filed its Complaint in this protest on August 2, 2021. (ECF No. 1). The United States filed the Administrative Record on August 6 (AR, ECF No. 24), and AccelGov filed an Amended Complaint on August 8, 2021. (Am. Compl., ECF No. 28). With its Amended Complaint, AccelGov also renewed its earlier motion for a preliminary injunction and moved for a Temporary Restraining Order. (Mot. for TRO). The Court held oral argument on August 12, 2021.

AccelGov seeks to enjoin the United States Marine Corps (the "Corps") from proceeding with a sole source award to Intervenor-Defendant United Support Services, Inc. ("USS") during the pendency of this protest. (Mot. for TRO at 1). In support of its Motion, AccelGov alleges that the proposed bridge contract is unlawful under Section 8(a) of the Small Business Act and the administering regulations. (*Id*. at 9). The United States refutes AccelGov's allegations on their merits. But more importantly to this decision, the United States credibly asserts substantial national security interests that would be endangered or impaired if the Court ordered an interlocutory injunction. (USA Resp. at 21–24, ECF No. 33).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To demonstrate entitlement to emergency or preliminary injunctive relief, the plaintiff must establish: (1) a likelihood of success on the merits; (2) irreparable harm is likely to befall the plaintiff in the absence of injunctive relief; (3) the balance of hardships tips in the plaintiff's favor; and (4) the public interest favors the grant of injunctive relief. *Id*. No single

factor is dispositive. "[T]he weakness of the showing regarding one factor may be overborne by the strength of the others. If the injunction is denied, the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned the other factors." *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993). Additionally, when considering injunctive relief in cases that may implicate national security interests of the United States, Congress has mandated that the Court "give due regard to the interests of national defense and national security and the need for expeditious resolution of the action." 28 U.S.C. § 1491(b)(3).

The challenged procurement seeks to award a short-term bridge contract for information technology services for the Marine Corps. (Am. Compl. at 3). That contract, the United States avers, implicates "profound national security concerns" such that even if the Court were to agree with AccelGov's theories of liability and irreparable harm, the Court should find that both the public interest in national security and the balance of hardships weigh against injunctive relief. (USA Resp. at 21–22). The Court agrees with the United States and expresses no opinion as to the likelihood AccelGov's challenge will succeed on the merits—a question ripe for resolution in the coming days. (*See* Sched. Order, ECF No. 14). Even if AccelGov were likely to succeed, its identified injuries are financial and ethereal—the "loss of an opportunity to fairly compete for an award and enjoy the resulting benefits." (Mot. for TRO at 16). To be clear, the Court recognizes that these are cognizable injuries. But they cannot outweigh the tangible risks to national security the United States has credibly put forth in some detail.[1] (*See* Decl. of Ryan Thompson, ECF No. 33-2); *see also Joint Anti-Fascist Committee v. McGrath*, 341 U.S. 123, 164 (1951) (describing national security interests as "the greatest of all public interests[.]"); *Wayte v. United States*, 470 U.S. 598, 611 (1985) ("Few interests can be more compelling than a nation's need to ensure its own security").

Accordingly, the Court **ORDERS** the following:

(1) AccelGov's Motion for a Temporary Restraining Order (ECF No. 29) is **DENIED**.

(2) AccelGov's Motion for a Preliminary Injunction (ECF No. 3) is **DENIED**.

**IT IS SO ORDERED.**

s/    David A. Tapp
DAVID A. TAPP, Judge

---

[1] The Court is mindful of recent and well-documented cybersecurity threats and breaches to private companies, critical infrastructure, and agencies of the United States. *See* Center for Strategic & International Studies, Significant Cyber Incidents (accessed and archived August 13, 2021, available at: https://perma.cc/XKZ6-A3AS).